**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TRUSTEES OF INTERNATIONAL
UNION OF PAINTERS AND ALLIED
TRADES DISTRICT COUNCIL 711
HEALTH & WELFARE FUND, et
al.,

        Plaintiffs,

   v.

PAPER MASTER, LLC,

        Defendant.

1:19-cv-448-NLH-KMW

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

STEVEN J. BUSHINSKY
W. DANIEL FEEHAN, III
O'BRIEN, BELLAND & BUSHINSKY, LLC
509 S. LENOLA ROAD, BUILDING 6
MOORESTOWN, NEW JERSEY 08057

   *On behalf of Plaintiffs*

**HILLMAN, District Judge**

WHEREAS, pending before the Court is the motion of Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, et al. ("Plaintiffs" or "the Funds"), for default judgment against Defendant, Paper Master, LLC ("Defendant"), for unpaid contributions, statutory interest on the unpaid contributions, contractual liquidated damages, contractual penalties, and reasonable attorneys' fees and costs incurred by Plaintiffs

pursuant to 29 U.S.C. §§ 185(a) and 1132(g)(2); and

WHEREAS, Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145, provides that "[e]very Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with . . . such agreement"; and

WHEREAS, Plaintiffs claim that from January 1, 2014, through December 31, 2016, Defendant failed to make $44,076.23 in required fringe benefit contributions to the Funds; and

WHEREAS, as provided by the Policy for the Collection of Delinquent Contributions ("the Collection Policy"),[1] Plaintiff calculated interest at the rate of 7.25% compounded annually from September 27, 2018, to December 19, 2018, which yielded the amount of $323.75, and at the rate of 7.5% compounded annually from December 20, 2018, to May 6, 2019, which yielded the amount of $1,250.28; and

WHEREAS, pursuant to the Collection Policy, Defendant owes

---

[1] The collective bargaining agreement between Paper Master and the Funds provides that Paper Master "agrees to make payments to the Painters District Council 711 Health and Welfare Fund and the District Council 711 Labor Management Fund by agreement and declaration of trust." (Docket Item 7-2, Exhibit A at 26.) Pursuant to the relevant trust agreements, the Trustees have promulgated the Collection Policy. The Collection Policy sets forth an interest rate of 2% above the prime rate charged by the Funds' depository bank.

20% of the principal amount that was due in liquidated damages plus $20 per Fund to which contributions were delinquent, which yielded the combined amount of $8,975.25; and

WHEREAS, pursuant to the Collection Policy, Defendant owes 20% of the principal amount that was due in delinquent penalties, which yielded the amount of $8,815.25; and

WHEREAS, pursuant to the Collection Policy, Defendant also owes $373.50 for the cost of the audit; and

WHEREAS, the total of the above figures is $63,814.26;[2] and

WHEREAS, Plaintiffs calculate reasonable attorneys' fees and costs to be $1,059.25; and

WHEREAS, therefore, Plaintiffs seek judgment against Defendant in the amount of $64,873.51; and

WHEREAS, Defendant, through its registered agent Richard Kitrick, Esq., was served with Plaintiffs' complaint on January 10, 2019;[3] but

---

[2] The Court notes that Plaintiffs' filings seek one cent less than the Court's calculation. This appears to be based on a mathematical error by Plaintiffs. (See Docket Item 7-1 at 4.) The Court takes judicial notice that 3 + 3 = 6, not 5. Furthermore, Plaintiffs appeared to have mistyped the delinquent contributions as $44,076.73, when in fact they were $44,076.23. This error seems to have been purely typographical and not mathematical, as the extra 50 cents did not actually make it into the sum of Plaintiffs' calculations.

[3] Plaintiffs attempted service of the Summons and Complaint on Defendant at its address of 323 Elton Lane, Galloway Township, New Jersey, but the process server was advised that Defendant was unknown at that address. Plaintiffs then did a records

WHEREAS, Defendant failed to file an answer or otherwise appear, and on April 9, 2019, the Clerk granted Plaintiffs' request for the entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a); and

WHEREAS, because Defendant still has not appeared in this action, Plaintiffs have filed the instant motion for default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b); and

WHEREAS, although every "well-pled allegation" of the

---

search of Paper Master, LLC on the New Jersey Business Gateway Business Entity Information and Records Service, which showed on January 10, 2019, that Mr. Kitrick was the registered agent for Defendant, and that Defendant's status was "suspended" for failure to pay annual fees. Plaintiffs then served Mr. Kitrick, who did not respond until after default was entered by the Clerk. Mr. Kitrick notified Plaintiffs that he had not represented Defendant in over 9 years and that the last notice he received about Defendant was that its LLC status was being suspended for not paying annual fees. He also advised Plaintiffs that he forwarded the Complaint and Summons to the last address that he had on file for Defendant's managing member. However, Plaintiffs point out that whether Mr. Kitrick still represents Defendant is irrelevant because he is still listed as its registered agent. Process may be served against a registered agent. N.J. STAT. ANN. § 14A:4-2(1). Per N.J. STAT. ANN. § 14A:4-1(4), the designation of a registered agent is effective "until changed pursuant to" New Jersey corporations laws. As made evident by the records search, Defendant never changed its registered agent per Section 14A:4-3 and Mr. Kitrick never resigned as Defendant's registered agent per Section 14A:4-4. Finally, Section 14A:12-9(2)(e) states that a dissolved "corporation may sue and be sued in its corporate name and <u>process may issue by and against the corporation in the same manner as if dissolution had not occurred</u>." (Emphasis added.) Therefore, Defendant was properly served because Mr. Kitrick, as its registered agent, accepted service.

4

complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citation omitted); and

WHEREAS, the decision to enter a default judgment is left to the Court's discretion, but "'in exercising its discretion, the trial court must consider three factors: 1) whether the plaintiff will be prejudiced if the default is lifted; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable misconduct.'" International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund v. N. Abbonizio Contractors, Inc., 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984)); and

WHEREAS, with regard to the second two factors, the Court finds that because Defendant was properly served but has failed to appear in this action, it is unknown whether Defendant has a meritorious defense to Plaintiffs' claims, and the inference is that Defendant's default was the result of its own culpable misconduct; and

WHEREAS, with regard to the first factor, the Court finds that Plaintiffs will be prejudiced if default judgment is not entered against Defendant, because under ERISA, a plan is still required to pay benefits to participants regardless of whether an employer makes its contributions to the plan, and "[i]f the plan at issue is part of a multi-employer contribution system, as here, any delinquent contributions owed by a covered employer impairs the plan's ability to pay both the beneficiaries of the delinquent employer as well as employees of companies who have made their contributions." Id. (citing 29 C.F.R. § 2530.200b–2) (other citation omitted); and

WHEREAS, if an employer fails to make the contributions as required by the collective bargaining agreement and § 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which provides for the mandatory award of the following if a judgment under Section 515 is entered in the Fund's favor:

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of:

    (i)  interest on the unpaid contributions; or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State

law) of the amount determined by the Court under

Subparagraph (a),

(D) reasonable attorney's fees and costs of the action, to be paid by the Defendant, and

(E) such other legal or equitable relief as the court deems appropriate; and

WHEREAS, the Court finds that Plaintiffs have provided competent documentation to support their demand under 29 U.S.C. §§ 185(a) and 1132(g)(2) for unpaid contributions ($44,076.23), statutory interest ($1,574.03), contractual liquidated damages ($8,975.25), reasonable attorneys' fees and costs ($1,059.25), and contractual penalties ($8,815.25);

THEREFORE, IT IS on this __**4th**__ day of __**November**__ 2019

ORDERED that Plaintiffs' Motion for Default Judgment (Docket Item 7) be, and the same hereby is, **GRANTED** and Judgment will be entered in favor of Plaintiffs and against Defendant in the amount of **$64,873.51**. An accompanying judgment shall issue.

At Camden, New Jersey

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.