UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAPER MASTER, LLC, <br><br> Defendant. | 1:19-cv-448-NLH-KMW <br><br> **MEMORANDUM OPINION & ORDER** |

**APPEARANCES**:

STEVEN J. BUSHINSKY
W. DANIEL FEEHAN, III
O'BRIEN, BELLAND & BUSHINSKY, LLC
509 S. LENOLA ROAD, BUILDING 6
MOORESTOWN, NEW JERSEY 08057

    *On behalf of Plaintiffs*

CHRISTOPHER D. ROBERTSON
ROBERTSON AND FENDT, LLC
1015 NEW ROAD, SUITE C
NORTHFIELD, NEW JERSEY 08225

    *On behalf of Defendant*

**HILLMAN**, District Judge

    WHEREAS, presently before the Court are Plaintiffs' Motion for Release of Funds [Docket No. 15] and Defendant's Motion to Vacate the Default Judgment [Docket No. 16]; and

WHEREAS, the Court previously entered Default Judgment in favor of Plaintiffs [Docket No. 12]; and

WHEREAS, Federal Rule of Civil Procedure 55(c) provides that "[t]he court may . . . set aside a final default judgment under Rule 60(b)" and Rule 60(b) provides that "the court may relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," FED. R. CIV. P. 55(c), 60(b)(1), (6); and

WHEREAS, "[a] decision to set aside . . . a default judgment pursuant to [Rule] 60(b) is left primarily to the discretion of the district court," United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984) (footnote omitted); and

WHEREAS, the Third Circuit "does not favor defaults" and, "in a close case[,] doubts should be resolved in favor of setting aside the default and reaching a decision on the merits," Gross v. Stereo Component Sys. Inc., 700 F.2d 120, 122 (3d Cir. 1983); and

WHEREAS, a district court shall consider four factors in determining whether to vacate a default judgment: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and

2

(4) the effectiveness of alternative sanctions," Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); and

WHEREAS, with respect to the first factor, a party can support its argument that prejudice would result by "suggesting that its ability to pursue the claim has been hindered since the entry of the default judgment" such as by "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment," Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); but

WHEREAS, in this case, Plaintiffs' arguments about prejudice revolve around how Defendant's alleged actions with respect to the Funds in question have prejudiced Plaintiffs, as opposed how vacating default judgment would prejudice them; and

WHEREAS, therefore, the Court finds that the first factor favors vacating default judgment; and

WHEREAS, with respect to the second factor, Defendant can show a meritorious defense "when 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action" and Defendant "alleges specific facts beyond simple denials or conclusory statements," $55,518.05 in U.S. Currency, 728 F.2d at 195 (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)); and

WHEREAS, in this case, Defendant has raised specific factual arguments about the veracity of Plaintiffs' calculations

3

of how much money Defendant owes to Plaintiffs, if any, [Docket No. 16-1, ¶¶ 13-15], which arguments constitute more than "simple denials or conclusory statements," and, if proven, would provide Defendant with a defense; and

WHEREAS, Plaintiffs rebuttals to Defendant's factual arguments necessitate a ruling on the evidence itself, which the Court is not in a position to make for purposes of this Motion; and

WHEREAS, therefore, the Court finds that the second factor supports vacating default judgment; and

WHEREAS, with respect to the third factor, "[t]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant" and "[a]ppropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated," Hritz v. Woma Corp., 732 F.2d 1178, 1182-83 (3d Cir. 1984); and

WHEREAS, in this case Plaintiffs properly served Defendant's agent, Richard M. Kitrick, in January 2019, but Kitrick notified Plaintiffs that he had not had any contact with Defendant in nearly a decade and attempted to forward information about the suit to individuals still involved with Defendant, [Docket No. 12, at 3 n.3]; and

WHEREAS, Defendant's sole owner and operator, Joseph A. Coviello III, stated in an affidavit that he was not aware of

4

this suit until after default judgment was granted, [Docket No. 16-1, ¶ 7], and Plaintiffs concede that they had been in contact with Coviello immediately prior to filing the suit, [Docket No. 18, at 11]; and

WHEREAS, the Court finds that Defendant's failure to answer or otherwise respond to Plaintiffs' Complaint was merely excusable neglect and, therefore, the third factor supports vacating default judgment; and

WHEREAS, with respect to the fourth factor, the Court notes that Plaintiff specifically proposed attorney's fees and costs as an alternative if default judgment was vacated, [id. at 12], and given the Circuit's preference for resolving issues on the merits, see Gross, 700 F.2d at 122; and

WHEREAS, therefore, the Court finds that the fourth factor favors vacating default judgment;

THEREFORE, IT IS on this  **11th**  day of  **August**  2020

ORDERED that Defendant's Motion to Vacate the Default Judgment [Docket No. 16] be, and the same hereby is, **GRANTED**; and it is further

ORDERED that Plaintiffs' Motion to Turnover Funds [Docket No. 15] be, and the same hereby is, **DENIED AS MOOT**; and it is finally

ORDERED that Plaintiffs shall have **30 days from the date of this Order** to file a motion for attorneys' fees and costs

incurred in obtaining the Default and Default Judgment.


|  |  |
|---|---|
| At Camden, New Jersey | s/Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |